JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. :18-cv-10644-AB-(RAOx) |
|---|---|
| Plaintiff, | **[PROPOSED] CONSENT JUDGMENT OF FORFEITURE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND CLAIMANT JOHNNY TRAN** |
| v. | |
| $139,500.00 IN U.S. CURRENCY | |
| Defendant. | |

Pursuant to the stipulation and request of Plaintiff United States of America and Claimant Johnny Tran ("Tran"), the Court hereby enters this Consent Judgment of Forfeiture containing the terms set forth below:

On or about March 6, 2019, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a Verified First Amended Complaint For Forfeiture alleging that defendant a $139,500.00 in U.S. Currency (the "defendant

currency"), is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

Tran filed an administrative claim to the defendant currency on or about September 27, 2018 with the Drug Enforcement Administration. On April 8, 2019, the parties filed a stipulation extending the time for Tran to file a claim and answer the complaint, and the dates by which Tran is required to do so have not yet passed.

Other than Tran, no other person or entity has asserted a claim to the defendant currency.

No other parties have appeared in this case and the time for filing claims and answers has expired.

The United States of America and Claimant Tran have now agreed to settle this action relative to the disputes between them with respect to the defendant currency and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based on the mutual consent of the United States of America and Claimant Tran,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. As between the United States of America and Claimant Tran with respect to the defendant currency, this Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. As between the United States of America and Claimant Tran with respect to the defendant currency, the Complaint for Forfeiture states a claim for relief pursuant to 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. No appearances have been made in the litigation with respect to the defendant currency. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true with respect to the defendant currency.

4. The sum of $20,925.00 only (without interest) shall be returned to Claimant Tran. The remainder of the defendant currency (i.e., $118,575.00), plus the interest earned by the United States of America on the defendant currency shall be condemned

and forfeited to the United States of America, which shall dispose of those funds in accordance with law.

5. The funds to be returned to Claimant Tran pursuant to paragraph 4 above shall be paid to Claimant Tran by electronic transfer. Claimant Tran shall provide all information and complete all documents requested by the United States of America in order for the United States of America to complete the transfer including, without limitation, providing Claimant Tran's social security and taxpayer identification numbers (if any), the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the account to which the transfer of funds is to be made.

6. Claimant Tran hereby waives, relinquishes and abandons any right to contest the forfeiture of the defendant $118,575.00 in U.S. Currency and releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration or the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation any petitions for remission, which Tran hereby withdraws), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of Claimant Tran with respect to the defendant currency whether pursuant to 28 U.S.C. § 2465 or otherwise.

7. As between the United States of America and Claimant Tran with respect to the defendant currency, (i) the Court finds that there was reasonable cause for the seizure of the defendant currency and institution of these proceedings; and (ii) this judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

8. As between the United States of America and Claimant Tran with regard to the defendant currency, the Court further finds that Claimant Tran did not substantially

prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

9. The United States of America and Claimant Tran consent to this judgment and waive any right to appeal this judgment.

Dated: June 5, 2019

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE